**DURRETT et, Plaintiffs-Appellees, v. BLANC et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

Nos. 4506, 4507. Decided April 11, 1951.

Robert R. Shaw, Columbus, for appellees.
Benjamin F. Levinson, Columbus, for appellants.

## OPINION

By THE COURT.

These cases come into this Court on separate appeals but it is agreed that the issues involved are identical and may be decided together.

The appeals are on questions of law and fact and the record is made up by stipulation of the parties. It does not purport to be a full transcript of the evidence taken before the trial court.

We have the written opinion of Judge King of the Common Pleas Court before us in which he considers and decides the questions that are again urged by appellants on this appeal. We are in accord with his conclusions that the appellant, Blanc, a subcontractor of the Spartan Building Company, was under mandatory obligation to file a statement of his claim to the original contractor and "that he shall have no right of action or lien against the owner .* * *, until he shall have furnished such statement." **Sec. 8312 GC.**

Upon the contention that the plaintiffs had an adequate remedy at law under the mechanic's lien statutes, these sections of the Code do not by specific provision, or by implication, attempt to restrict an owner as to other relief which may be afforded him, at law or in equity. The second amended petition avers facts which bring the suit within equitable cognizance. Nor is it fatal to the stating of a cause of action that the averment is not made that plaintiff has no adequate remedy at law, if the fact appears in the other allegations of the petition.

The general demurrers to the second amended petitions and the motions for judgment on the pleadings will be overruled. We find for the plaintiffs and enter the same judgment here as in the Common Pleas Court.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.